Filed 9/3/14  In re Joseph J. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re JOSEPH J., a Person Coming Under the Juvenile Court Law. | |
| KINGS COUNTY HUMAN SERVICES AGENCY, | F069170 |
| Plaintiff and Respondent, | (Super. Ct. No. 12JD0063) |
| v. | **OPINION** |
| ROGER S., | |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  James LaPorte, Judge.

Valerie Newton Lankford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Detjen, J. and Franson, J.

Roger S. (father) appeals from a February 2014 order terminating parental rights (Welf. & Inst. Code, § 366.26) to his two-year-old son, Joseph.[1]  After reviewing the entire record, father's court-appointed appellate counsel informed this court she could find no arguable issues to raise on father's behalf.  Counsel requested and this court granted leave for father to personally file a letter setting forth a good cause showing that an arguable issue of reversible error does exist.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

Father has since submitted a letter in which he faults respondent Kings County Human Services Agency (agency) for the loss of his parental rights.  According to father, the agency wrongfully used evidence about his past to take Joseph away from him and then failed to work with him towards reunification.  Father also characterizes the termination of his parental rights as unconstitutional.

 As discussed below, we will dismiss the appeal as father has failed to make a good cause showing that any arguable issue of reversible error at the termination hearing does exist.  (*Phoenix H., supra,* 47 Cal.4th at p. 844.)

## PROCEDURAL AND FACTUAL SUMMARY

A combination of parental drug abuse and domestic violence led the agency to initiate dependency proceedings for infant Joseph in the summer of 2012.  In particular, the parents had a violent altercation in Joseph's presence in July 2012, which led to father's arrest and incarceration.

In September 2012, father submitted to a petition, alleging multiple grounds for Joseph's dependency (§ 300, subd. (b) & (g)), on the basis of an agency social worker's reports and waived his rights.  The juvenile court in turn exercised its dependency jurisdiction over Joseph, adjudged him a dependent and removed him from parental custody.  As part of its dispositional order, the court also ordered the agency to provide

---

[1]    All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

the parents with reunification services. Father's reunification case plan required him to participate and complete programs in parenting, domestic violence and substance abuse. It also entitled him to supervised visitation with Joseph. Father did not appeal the dispositional order.

Within two months of the juvenile court's dispositional order, a criminal court sentenced father to serve an eight-year prison term as a result of his attack on Joseph's mother. Father was not expected to be released before the fall of 2019.

Despite a 12-month reunification effort, it was undisputed that the parents neither participated regularly nor made substantive progress in court-ordered treatment programs. At a review hearing in September 2013, the juvenile court found the agency complied with the case plan in making reasonable efforts to return Joseph to a safe home, but the parents made no progress toward alleviating the causes requiring the child's out-of-home placement.

As a consequence, the juvenile court terminated reunification services for the parents and continued visitation according to the permanency case plan, which it adopted. According to that case plan, there would be once-a-month visitation if the parent was not incarcerated. The court also set a hearing to select and implement a permanent plan for Joseph (a section 366.26 hearing). The court concluded the September 2013 hearing by giving father notice of his right to seek writ review of its order setting the section 366.26 hearing. Father did not pursue writ relief from the setting order.

At the section 366.26 hearing, the juvenile court received into evidence agency reports describing the likelihood that Joseph would be adopted if parental rights were terminated. Father argued against termination.

Father testified he loved Joseph and had cared for him during the first few months of the child's life until father's July 2012 arrest. He had visits with Joseph through an electronic television camera. Visits stopped after reunification services were terminated.

3

Father claimed he was not told why. Father wanted to be part of Joseph's life once he was released from prison.

The juvenile court found Joseph was likely to be adopted and terminated parental rights.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to an appellant to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant does not do so, the appeal should be dismissed. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.) Here, father does not raise any claim of judicial error or other defect against the termination order from which he appeals.

Once reunification services are ordered terminated, the focus shifts to the needs of the child for permanency and stability. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) At a parental rights termination hearing, the court's proper focus is on the child to determine whether it is likely he will be adopted and if so, order termination of parental rights. (*Ibid.*) If, as in this case, the child is likely to be adopted, adoption is the norm. Indeed, the court must order adoption and its necessary consequence, termination of parental rights, unless one of the specified circumstances provides a compelling reason for finding that termination of parental rights would be detrimental to the child. (*In re Celine R.* (2003) 31 Cal.4th 45, 53.)

Here, father made no showing of a beneficial relationship between him and Joseph that was so compelling as to establish that termination would be detrimental to the child.

Instead on appeal, father attempts to shift the blame for the termination of his rights onto the agency. To the extent father finds fault with the agency's efforts prior to the September 2013 order terminating services and setting the section 366.26 hearing, he has forfeited those complaints in this appeal.

In September 2012, father submitted to and did not dispute the agency's evidence supporting the juvenile court's orders exercising dependency jurisdiction over Joseph and removing him from parental custody. Father also did not appeal from the juvenile court's September 2012 orders. As a result, he cannot complain now about the removal of Joseph from his custody. (*In re Elizabeth M.* (1991) 232 Cal.App.3d 553, 563 [an appeal from the most recent order entered in a dependency matter may not challenge prior orders for which the statutory time for filing an appeal has passed].)

The following year, in September 2013, father submitted to and did not dispute the agency's evidence that he neither participated regularly nor made substantive progress in court-ordered treatment programs. He also did not seek writ review of the juvenile court's September 2013 setting order, which included its finding that the agency complied with the case plan in making reasonable efforts to return Joseph to a safe home and its order authorizing no future visitation if the parent was incarcerated. By not seeking writ relief from the setting order, he forfeited the right to dispute the agency's efforts on appeal from the parental rights termination order. (§ 366.26, subd. (*l*).) This includes any implicit complaint about the lack of visitation after the setting order.

Father also characterizes the termination of his parental rights as unconstitutional. He claims, without any explanation or support, that he has suffered cruel and unusual punishment and his due process and equal protection rights have been violated. The bare mention of such constitutional claims on appeal do not merit a reviewing court's consideration. (*People v. Wharton* (1991) 53 Cal.3d 522, 563.)

Consequently, as father has failed to make a good cause showing of any arguable issue of reversible error at the termination hearing (*Phoenix H., supra,* 47 Cal.4th at p. 844), we will dismiss the appeal.

## DISPOSITION

This appeal is dismissed.

5